Murphy vs. Robinson.

---

No. 12,723.

MRS. LEONORE MURPHY VS. H: L. ROBINSON.

While parol evidence is admissible to correct an error in the description of property mortgaged; yet a special demand to correct should be made, and a correct description of the property should be set forth as part of the demand to correct.

The prayer for general relief does not supply failure to ask for an amendment of the mortgage of property incorrectly described.

Judgment was annulled and case remanded for proper amendment.

A PPEAL from the Twelfth Judicial District Court for the Parish of Calcasieu. *Read, J.*

*Paul A. Sompayrac* for Plaintiff, Appellant.

*Joseph Moore* for Defendant, Appellee.

Argued and submitted February 9, 1898.
Opinion handed down March 7, 1898.

The opinion of the court was delivered by

BREAUX, J. This was an action of foreclosure of a mortgage *via ordinaria*, and to correct an erroneous description of the property mortgaged. The defendant is an absentee represented by a curator *ad hoc*. In her petition plaintiff sets forth her claim and alleged that an error was committed in the deed of mortgage she holds, signed by the defendant as mortgagor. The error was one of description. The property is described in the deed of mortgage as the southwest quarter of Block E of the Reid subdivision of lands in Lake Charles, having a front of one hundred and thirty-three feet on Moss street by a depth running back east between parallel lines one hundred and thirty-three feet.

The property is not in Block E, but immediately south of Block E, and is, in the first place, described in plaintiff's petition as it is described in the deed of mortgage as originally given.

Petitioner alleged in the second place, in a second attempt at describing the property, that there is error in this description owing to the fact that it was copied from the deed of purchase under which the mortgagor became the owner of the property, and in this attempt at description again the property was erroneously described.

. Petitioner alleged that the property is not within the limits of Block E, and that it is not at the northeast corner of Moss and Division streets, and that it has a front of one hundred and thirty-three feet by a depth of the same number of feet. This also, it appears, was an error.

An attempt was made to amend the petition on the day the case was tried. The amendment was filed too late, and was an amend-

ment which should have been served. It was not a mere omission in pleading, or amendment correcting the defect of an original petition. Testimony offered, but excluded on grounds urged by the curator *ad hoc*, was at variance with the asserted correct description.

The curator *ad hoc* pleaded a general denial and specially alleged that the property upon which plaintiff claimed a mortgage was not property mortgaged.

The error of description was made manifest by the testimony offered, but excluded on the alleged ground that a written act can not be changed or modified by parol testimony; that the error was not alleged sufficiently to admit proof and that plaintiff had failed to pray for an amendment of the description of the property mortgaged.

The suit was dismissed on the ground that plaintiff had failed to make out a case.

From the judgment of dismissal plaintiff prosecutes this appeal.

The first question before us for our determination is whether plaintiff could prove that there was error in the description, under sufficient allegation, and have the deed of mortgage amended so as to embrace the property actually mortgaged and foreclose the mortgage in one suit. The question is not *res nova*. This court held in two cases that parol evidence is admissible to correct the description of real estate mortgaged and make the deed correct evidence of the intention of the parties. Levy vs. Ward, 33 An. 1033; Armstrong vs. Armstrong, 36 An. 549; Moore vs. Stancel, 36 An. 820.

Reason and authority do not suggest that two suits should be brought, one to have the acts amended to conform with the intention of the parties, and the other to foreclose the mortgage *via ordinaria*.

But plaintiff in order to have the correction made must set forth the correct description in his petition and ask to have the act amended in accordance with allegation made.

In this plaintiff has failed. It has been decided by this court that in petitory action a legal description is required so that courts may know what they have to decide, and the publicwhat has been decided. A designation by public metes and bounds, section lines, surveyors' marks, natural limits or adjacent properties whose boundaries are of record, should be given.

The same requirement applies to mortgages, in so far as necessary

to a sufficient identification and definition of the property mortgaged. It was the duty of plaintiff to make her demand clear and definite.

We can not yield to equities so far as to grant relief beyond that specially asked. The prayer for general relief did not have the effect of supplying the omission of needful allegations and prayer to amend the mortgage of plaintiff.

But there was no necessity to dismiss the suit in the lower court. The case might have remained on the docket and proper amendment and correction made after required notice.

It is therefore ordered, adjudged and decreed that the judgment appealed from is annulled, and the case is remanded to enable the plaintiff to amend her petition, to notify the defendant and to be tried and decided after having admitted evidence admissible under the rules of evidence.

It is further ordered that the costs of appeal be paid by the appellee.